HARRY Z. HARRIS and HARRY D. GOLDMAN, Appellants, *v.* GENERAL MOTORS CORPORATION and Others, Respondents.

Fourth Department, January 14, 1942.

*Goldstein & Goldman [Manuel D. Goldman* of counsel], for the appellants.

*John Thomas Smith [Edward B. Wallace, George A. Brooks* and *Gordon H. Brown* of counsel], for the respondents.

PER CURIAM. Merry M. Dennis of Rochester, N. Y., died owning seventy-five shares of the common stock of General Motors

Corporation which was registered in her name upon the books of said corporation. She left a will which was admitted to probate in the Surrogate's Court of Monroe County, N. Y. William MacFarlane, Esq., was appointed the executor of said will. The executor presented said stock to General Motors Corporation, together with the usual formal documents required for the transfer of stock owned by an estate, and tendered the amount required for stock transfer tax and requested that the stock be transferred to the plaintiffs jointly with right of survivorship. The defendant General Motors Corporation acknowledged receipt of said documents and requested the executor to inform it as to the facts of the sale since the transferees, who were associated with the executor in the practice of law, were not named in the will of Merry M. Dennis. The executor replied stating that the transfer represented a sale of the stock at 56⅜, the then market price. General Motors Corporation then notified the executor that it would complete the transfer upon receipt of his affidavit showing that the stock had been sold to the plaintiffs for cash at 56⅜ per share and that the proceeds were paid into the estate for its purposes. The executor then delivered to General Motors Corporation his affidavit stating that said stock had been sold to the plaintiffs " at a price more than $20 per share " and that the estate had received the full benefit of such sale. The defendants thereupon refused to make the transfer as requested and this action followed to compel the defendants to make the transfer, for injunctive relief, for damages and to declare void any stockholders' meetings held subsequently to the date of the refusal to transfer said stock and any action taken at said meetings. The defendants answered setting up for a separate, complete and distinct defense the transactions had between themselves and the said executor and offering to transfer the stock upon receipt of the required information and that said information was necessary for its protection. The plaintiffs moved to strike out the said defense as insufficient in law. The motion was denied and the plaintiffs have appealed. Under section 359-k of the General Business Law the defendants were not bound to inquire whether the executor, in requesting the transfer of the stock, was committing a breach of his obligations as fiduciary in making the transfer or to see to the performance of the fiduciary obligation, and the executor was not bound to supply the requested information. In making a transfer of stock under section 359-k the transfer agent is not liable for damages arising out of a breach of fiduciary obligation unless such agent had actual knowledge of such breach or unless the transfer was made in bad faith. While section 359-k

does not bind the transfer agent to make inquiry as to the facts of the sale, it does not prohibit the agent from making the inquiry so as to protect the agent from the imputation of actual knowledge of a breach of fiduciary obligation in the making of the sale or of bad faith in making the requested transfer. While the executor in this instance could have ignored the request for information he did not choose to do so. Having undertaken to supply the requested information, it was incumbent upon him to state the facts fully and fairly. This he did not do. This he refused to do. Since the sale was made to the partners of the executor the information supplied was of such character that it might reasonably be held to impute to the defendants actual knowledge of a probable breach of fiduciary obligation upon the part of the executor or to leave them open to a charge of bad faith had they made the transfer as requested.

True, the affirmative defense does not in terms charge the executor with a breach of fiduciary obligation in making the sale. Nevertheless, the answer as a whole challenges the validity of the sale since the defendants deny that the sale was made " for value received " as alleged in the complaint. In view of the nature and scope of the complaint and of the facts disclosed by the executor to the defendants, we think the affirmative defense is good and that the issues raised should be disposed of by trial rather than by motion.

The order should be affirmed, without costs of this appeal to any party.

All concur, except CUNNINGHAM and MCCURN, JJ., who dissent and vote for reversal on the authority of section 359-k of the General Business Law and *Stark* v. *National City Bank* (278 N. Y. 388). Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and MCCURN, JJ.

Order affirmed, without costs of this appeal to any party.